UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT
2017 JUL 31  A 10: 59
DISTRICT OF UTAH
_____
DEPUTY CLERK

| | |
|---|---|
| LHF PRODUCTIONS, INC.,<br>Plaintiff,<br><br>v.<br><br>DOES 1-21,<br>Defendants. | Civil Action No. 2:17-cv-00122-DBP<br><br>Judge Dustin B. Pend |

## MOTION TO DISMISS

Defendant DOE 8, now identified as Gary McCarver, respectfully requests, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 4(m), that this that this Honorable Court dismiss the Plaintiff's Complaint in its entirety. In support thereof, Defendant states as follows:

1. On February 17, 2017, Plaintiff filed the Complaint for copyright infringement in this case and served the Defendant July 19, 2017.

2. The Complaint seeks actual damages, statutory damages, attorney's fees, litigation expenses, costs, injunctive relief, and declaratory relief.

3. Rule 12(b)(6) requires a claim be dismissed if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face."

4. Plaintiffs' identify Defendant using only an IP address. IP addresses are dynamic, regularly reassigned, and may encompass more than one computer. IP addresses can be "spoofed" i.e. appear otherwise than they actually are. Plaintiffs' here allege that infringement was allegedly committed by an individual using a particular IP address, which could represent one or more computers, but which Plaintiff's summarily attributes to Defendant.

5. Defendant lives in densely populated area with 12 WiFi networks visible from the Defendants living room. Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not

secured, additional devices operated by neighbors or passersby. Thus, the risk of false positives is very real.

5. Plaintiffs fail to set forth any facts upon which their allegations are purportedly based, and their Complaint must be dismissed.

6. Rule 4(m) provided, "If a defendant is not served within 90 days after the complaint is filed, the court – on a motion or its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant…"

7. Service was not made upon the Defendant within the 90-day deadline. Therefore, this case should be dismissed or at least Gary McCarver dismissed from this case.

For reasons set forth above in Support of Defendant's Motion to Dismiss, Defendant requests that this Court dismiss the Complaint of Plaintiff LHF Productions, Inc. in entirety under Rule 12(b)(6) for failure to state claim upon with relief may be granted and under Rule 4(m) for failure to serve Defendant within a timely manner.

WHEREFORE, Defendant respectfully requests that this Court:

Dismiss the Complaint in its entirety or at least Gary McCarver dismissed from this case.

Respectfully submitted,

*/s/ Gary McCarver*

Gary McCarver